# UNITED STATES DISTRICT COURT
# IN THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| FUTURE FIBRE TECHNOLOGIES PTY. LTD., | ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | C.A. No: 09-346-SD |
| OPTELLIOS, INC., | ) ) | |
| *Defendant.* | ) ) ) | |

## PROTECTIVE ORDER GOVERNING THE PROTECTION
## AND EXCHANGE OF CONFIDENTIAL MATERIAL

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in proprietary activities, and the companies involved in the Litigation and their shareholders could be jeopardized if non-public financial data, trade secrets or other highly sensitive confidential information or documents were disclosed publicly;

WHEREAS, the parties sought to make agreements to facilitate expedited production of documents; and

WHEREAS, before transferring this case to the District of Delaware, the District Court for the Middle District of Florida ruled on various objections to the form of this Protective Order; now therefore,

IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 26(c), that this Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced by a party or any non-parties (the "Producing Party") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

1. Any Producing Party may designate any Discovery Material as "Confidential" or "Highly Confidential" under the terms of this Protective Order if such Producing Party in good faith believes that such Discovery Material contains non-public, highly confidential, proprietary or trade secret information that requires the protections provided in this Protective Order ("Confidential or Highly Confidential Discovery Material"). For purposes of this Protective Order, information considered to be Confidential or (if appropriate) Highly Confidential Discovery Material includes all non-public materials constituting or containing information reflecting or related to: Business Plans, Strategies or Projections; Acquisition Offers, Strategies or Expressions of Interest; Proposed Strategic Transactions; Trade Secrets; Proprietary Technical Information; Proprietary Asset, Valuation, or Reserve Information; Business and Marketing Plans and Strategies; Financial or Tax Data; Customer Lists and Information; Competitive Analyses; Product or Asset Development and Planning; Financial Results or Data; or Personal Financial Information.

Any Producing Party may also apply, upon short notice, for an order to supplement the foregoing categories of Confidential or Highly Confidential Discovery Material or to designate particular documents not within the foregoing categories as Confidential or Highly Confidential Discovery Material. The designation by any Producing Party of any Discovery Material as "Confidential" or "Highly Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.

2. Discovery Material, or information disclosed therein or derived therefrom, shall be used solely for purposes of the Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

  3. The designation of Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Protective Order shall be made in the following manner by any Producing Party:

  (a) in the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" or "Highly Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential or Highly Confidential Discovery Material; provided that the failure to designate a document as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Protective Order; and

  (b) in the case of depositions or other pretrial testimony (i) by a statement on the record, by counsel, at the time of such deposition or other testimony; (ii) by written notice, sent by counsel to all parties within ten business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential or Highly Confidential Discovery Material. All depositions and other pretrial testimony shall be deemed to be

"Highly Confidential" until the expiration of the eleventh business day after counsel receive a copy of the transcript thereof. Only those portions of the transcripts designated as "Confidential" or "Highly Confidential" in the Litigation shall be deemed Confidential or Highly Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court. Attendance at any deposition shall be limited to persons entitled to receive or review Confidential or Highly Confidential Discovery Material under Paragraphs 4 and 5 of this Protective Order;

(c) If a document has more than one designation, the more restrictive designation shall be deemed to govern the entire document.

4. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) inside and outside attorneys who represent parties to the Litigation and regular employees or outside contractors (such as document copying and/or management services) of such counsel assisting in the conduct of the Litigation for use in accordance with this Protective Order;

(b) subject to Paragraph 6 hereto experts or consultants assisting counsel for parties to the Litigation;

(c) witnesses or deponents (other than employees of the parties), and their counsel, during the course of, and, to the extent necessary, in preparation for depositions or testimony in the Litigation;

4

(d) the parties to the Litigation and the directors, officers, employees, and general or limited partners of the parties, or any subsidiary or affiliate thereof, who are assisting the parties in the Litigation, or who appear as witnesses;

(e) the Court;

(f) court reporters employed in connection with the Litigation; and

(g) any other person only upon order of the Court or upon agreement of the Producing Party.

5. Discovery Material designated "Highly Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) outside attorneys who represent parties to the Litigation and regular employees or outside contractors (such as document copying and/or management services) of such counsel assisting in the conduct of the Litigation for use in accordance with this Protective Order;

(b) all officers and employees who are listed as an inventor on the '736 Patent, or who claim in the Litigation to be an inventor of the '736 Patent, provided however that access to Highly Confidential Discovery Material will also be extended to one designee for each party from their respective board of directors, and provided further that all such persons given access to Highly Confidential Discovery Material pursuant to this subparagraph (i) are not entitled to retain or possess copies of Highly Confidential Discovery Material, (ii) are entitled to review copies of Highly Confidential Discovery Material only in the offices of outside counsel, and (iii) are entitled to access to Highly Confidential

Discovery Material solely for the purpose of assisting in the conduct of the Litigation and not for the purpose of obtaining financial, strategic, or business advantage;

(c) subject to Paragraph 6 hereof, experts or consultants assisting counsel for the parties to the Litigation;

(d) the Court;

(e) court reporters employed in connection with the Litigation; and

(f) any other person only upon order of the Court or upon agreement of the Producing Party.

6. (A) Notwithstanding anything contained in the foregoing Paragraphs 4 and 5, Confidential or Highly Confidential Discovery Material may be provided to persons listed in Paragraphs 4(b) and 5(c) above only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of the Litigation, and only provided that such expert or consultant (i) is using said Confidential or Highly Confidential Discovery Material solely in connection with the Litigation; and (ii) will not use any Highly Confidential Discovery Information for the purpose of providing financial advice to any party and further provided that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto (the "Undertaking"), agreeing in writing to be bound by the terms and conditions of this Protective Order, and agreeing not to disclose or use any Confidential or Highly Confidential Discovery Material for purposes other than those permitted hereunder, including after the conclusion of the Litigation.

(B) Every person given access to Confidential or Highly Confidential Discovery Material, including any information contained therein, shall be advised that the information or

Discovery Material is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof. All persons listed in Paragraph 4(c) above, who are given access to Confidential Discovery Material, including any information contained therein, shall be required to confirm their understanding and agreement to abide by the terms of this Protective Order by signing an Undertaking in the form attached as Exhibit A hereto. All counsel shall maintain copies of any executed Undertakings they obtain pursuant to this Protective Order until one year after the termination of the Litigation. If any witness refuses to sign the Undertaking, any party may apply to the Court, upon reasonable notice and subject to the right of any person to object to the application, for relief from the obligation of the witness to sign the Undertaking as a prior condition to being given access to Confidential or Highly Confidential Discovery Material.

      7.     A party may exclude from a deposition any person who is not entitled to have access to Confidential or Highly Confidential Information when such information is the subject of the examination.

      8.     Entering into, agreeing to and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Protective Order shall not:

      (a)     operate as an admission by any party that any particular Confidential or Highly Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

      (b)     prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein

constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

      (c)      prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

      (d)      prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential or Highly Confidential Discovery Material should be subject to the terms of this Protective Order;

      (e)      prejudice in any way the rights of a party to petition the Court for a protective order relating to any purportedly confidential material or information; and

      (f)      prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

      9.      The disclosure of the identity of a consulting expert will not be a waiver of any privilege that applies to communications with the consultant or the consultant's work product.

      10.      This Protective Order has no effect upon, and shall not apply to, the parties' use of their own "Confidential" or "Highly Confidential" Discovery Material for any purpose. Nothing herein shall (i) prevent a party from disclosing Confidential or Highly Confidential Discovery Material to (a) officers, directors or employees of a Producing Party, (b) any individual to whom the Producing Party previously provided the Confidential or Highly

8

Confidential Discovery Material, (c) any author of the Confidential or Highly Confidential Discovery Material, or (d) any other person upon the agreement of the Producing Party or upon order of the Court; or (ii) impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential or Highly Confidential obtained lawfully by such party independently of the discovery proceedings in the Litigation.

11. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph, the receiving party shall promptly return to the Producing Party that material and all copies as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose until further order of the Court. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production. Further, it is agreed that the production of information or testimony that is arguably subject to the attorney-client privilege, attorney work product protection or any immunity or protection from discovery does not constitute, and shall not be claimed to constitute, a waiver of any such privilege, protection or immunity as to information which is not produced.

12. Subject to Paragraph 10 hereof, in the event additional parties join or are joined in the Litigation, they shall not have access to Confidential or Highly Confidential

9

Discovery Material until the newly joined party by its counsel has executed its agreement to be fully bound by this Protective Order.

13. It is the present intention of the parties pursuant to the Court's rulings that the provisions of this Protective Order shall govern discovery in the Litigation. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by negotiation or application to the Court on notice to the other parties hereto for good cause.

14. The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within 20 days after the finality of an order, judgment or decree finally disposing of all litigation in which Confidential or Highly Confidential Discovery Material is permitted to be used, all persons having received Confidential or Highly Confidential Discovery Material shall either (i) make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or (ii) destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to counsel for the Producing Party. Outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including discovery material containing Confidential or Highly Confidential Discovery Material), <u>provided</u> that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof and shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the Producing Party. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

15. During the pendency of the Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential or Highly Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential or Highly Confidential Discovery Material pursuant to this Protective Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

16. In the event that any Confidential or Highly Confidential Discovery Material is used in any court proceeding in the Litigation or any appeal therefrom, said Confidential or Highly Confidential Discovery Material shall not lose its status as Confidential or Highly Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

17. If any person receiving documents covered by this Protective Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he, she or it is a party, or (c) is served with any other legal process by one not a party to the Litigation, seeking Discovery Material which was produced or designated as "Confidential" or "Highly Confidential" by someone other than the Receiver, the Receiver shall give prompt actual written notice, by hand or facsimile transmission, and in no event later than forty-eight hours of receipt of such subpoena, demand or legal process, to those who produced or designated the material "Confidential" or "Highly Confidential" and shall object and decline to produce the material unless otherwise ordered by a court. Should the person seeking access to the Confidential or Highly Confidential Discovery Material take action against the Receiver or

11

anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Receiver shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential or Highly Confidential Discovery Material covered by this Protective Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

18. The parties to the Litigation agree that the production of any Discovery Material by any non-party to the Litigation shall be subject to and governed by the terms of this Protective Order.

19. This Protective Order shall remain in full force and effect until modified, superseded or terminated on the record, by agreement of the Parties, or by an order of the Court.

**IT IS SO ORDERED**, this ____ day of _____, 2009

JUDGE STEWART DALZELL

# EXHIBIT A

## UNDERTAKING

I hereby certify my understanding that Confidential Discovery Materials are being provided to me pursuant to the terms and restrictions of the annexed Protective Order entered into by the parties in the action entitled *Future Fibre Technologies Pty. Ltd. v. Optellios, Inc.*, Case No. 09-cv-346-SD. I further certify that I have been provided a copy of and have read the Protective Order; that I agree to abide by the terms of the Protective Order; and I understand that violation of the Order is punishable by contempt of court.

_____
(Signature)

_____
(Typed Name)

DATED: _____