IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUTURE FIBRE TECHNOLOGIES PTY. LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OPTELLIOS, INC., ) <br> ) <br> Defendant. ) <br> ) | C.A. No: 09-346-RGA |

## RENEWED JOINT MOTION TO
## CORRECT INVENTORSHIP PURSUANT TO 35 U.S.C. § 256

Plaintiff Future Fibre Technologies Pty. Ltd. ("FFT") and defendant Optellios, Inc. ("Optellios") respectfully renew their request to enter pursuant to 35 U.S.C. § 256 the [Proposed] Order attached as Exhibit A ordering correction of inventorship of United States Patent No. 7,142,736 ("the '736 patent") to reflect two additional inventors. In support of this renewed motion, the parties state as follows:

1. On July 25, 2008, FFT brought this action against Optellios to correct the inventorship of the '736 patent and for infringement of the '736 patent.

2. The Court may correct the named inventor of a patent pursuant to 35 U.S.C. § 256. Under § 256, "[w]henever . . . through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error. . . . The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly."

{00598342;v1}

3. The '736 patent, which issued on November 28, 2006, named Jayantilal S. Patel, Zhizhong Zhuang, and Yuri Zadorozhny as inventors.

4. On December 30, 2011, FFT and Optellios filed a Joint Motion To Correct Inventorship Pursuant To 35 U.S.C. § 256 ("the Motion") (Docket Item ("D.I") 282) and, in support, the declarations of Brian Bourke, Lee McIntosh, and Optellios. (*See id.* at Exs. B, C, D.) The motion sought to add Mr. Bourke and Mr. McIntosh as inventors.

5. On January 3, 2012, the Court denied the Motion without prejudice because the "Motion did not include any statement from the current named inventors either agreeing to the change of inventorship or stating that they have no disagreement in regards to the requested change, pursuant to § 256's requirement that all concerned parties have notice and an opportunity to be heard." (D.I. 283.) In addition, the Court stated that it could not grant the Motion unless the parties obtained the declarations of the current named inventors indicating their positions on adding Mr. Bourke and Mr. McIntosh as inventors to the '736 patent or explained why such declarations should not be required. (*Id.*)

6. Attached as Exhibit E to this motion is the declaration of Yuri Zadorozhny, a currently named inventor of the '736 patent residing at 86 Rice Drive, Morrisville, Pennsylvania 19067. Dr. Zadorozhny agrees that it was an error not to name Mr. Bourke and Mr. McIntosh as inventors on the '736 patent and that the error in not naming them as inventors on the '736 patent arose without any deceptive intent on his part.

7. The parties requested that Dr. Patel and Dr. Zhuang execute declarations substantially similar to the declaration signed by Dr. Zadorozhny (*i.e.*, Exhibit E), but both Dr. Patel and Dr. Zhuang refused to so on the basis that they disagreed with the position of FFT and Optellios. (Ex. F.) Accordingly, to provide Dr. Patel and Dr. Zhuang notice and an opportunity

to be heard, FFT and Optellios are serving a copy of this motion on Dr. Patel and Dr. Zhuang and the attorney who defended their depositions in this litigation, Patricia R. Uhlenbrock of the law firm of Pinckney Harris & Weidinger, LLC.

8. Although the parties are providing notice and an opportunity to be heard to Dr. Patel and Dr. Zhuang, they are not necessary parties to the case. *Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551, 1553–54 (Fed. Cir. 1997) ("the only procedural prerequisites to maintain a correction action in district court are notice and an opportunity for all parties to be heard") (citation omitted). The Court may correct the inventorship of the '736 patent pursuant to Section 256 even if Dr. Patel and Dr. Zhuang do not consent to adding Mr. Bourke and Mr. McIntosh as inventors to the '736 patent or they choose not to be heard after receiving notice. *Id.*; *see also MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1570 (Fed. Cir. 1989) ("In the event consensus is not attained [among the patentees and the assignees], however, the second paragraph of section 256 permits redress in federal court.") (citing P.J. Federico, Commentary on the New Patent Act, 35 U.S.C.A. 1 (1954) ("If [the parties] do not concur, the correction can only be made on order of a court . . . . [S]ection 256 . . . gives a court authority to order correction.")).

9. The declaration of Dr. Zadorozhny and the previously submitted declarations of Brian Bourke (Exhibit B), Lee McIntosh (Exhibit C), and Optellios (Exhibit D), which are being resubmitted, establish that Mr. Bourke and Mr. McIntosh are inventors of the technology claimed in the '736 patent and that the error of omitting Mr. Bourke and Mr. McIntosh was made without deceptive intent on their part. Accordingly, these declarations establish that the correction of the '736 patent is in order.

10. In particular, as set forth in Exhibit B, Brian Bourke, who resides at 28 Gramatan Avenue, Beaumaris, Victoria 3193, Australia, is not currently named as an inventor on the '736 patent. Mr. Bourke is, however, an inventor of the subject matter claimed in the '736 patent. It was an error not to name Mr. Bourke as an inventor of the '736 patent, and that error arose without any deceptive intention on the part of Mr. Bourke.

11. As set forth in Exhibit C, Lee McIntosh, who resides at 5/14 Beach Street, Clovelly, NSW 2031, Australia, is not currently named as an inventor on the '736 patent. Mr. McIntosh is, however, an inventor of the subject matter claimed in the '736 patent. It was an error not to name Mr. McIntosh as an inventor of the '736 patent, and that error arose without any deceptive intention on the part of Mr. McIntosh.

12. As set forth in Exhibit D, Optellios agrees that it was error not to name Mr. Bourke and Mr. McIntosh as inventors on the '736 patent. Optellios also agrees that this error arose without any deceptive intention on the part of the currently named inventors.

13. Optellios has assigned the '736 patent to FFT; therefore, FFT is the sole assignee of the '736 patent and owns the entire right, title, and interest in the '736 patent.

WHEREFORE, FFT and Optellios respectfully request that the Court:

a) provide Dr. Patel and Dr. Zhuang an opportunity to be heard;

b) provide FFT and Optellios an opportunity to reply to any written response Dr. Patel and Dr. Zhuang may submit or to cross-examine them if they offer testimony at a hearing or deposition;

c) and then enter the [Proposed] Order attached to this renewed motion as Exhibit A.

| ASHBY & GEDDES | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| /s/ *John G. Day* | /s/ *Jack B. Blumenfeld* |
| John G. Day (#2403)<br>Tiffany Geyer Lydon (#3950)<br>Lauren E. Maguire (#4261)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>jday@ashby-geddes.com<br>tlydon@ashby-geddes.com<br>lmaguire@ashby-geddes.com | Jack B. Blumenfeld (#1014)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com |
| *Of Counsel:* | *Of Counsel:* |
| Marshall J. Schmitt<br>Carlo M. Cotrone<br>Gilberto E. Espinoza<br>MICHAEL BEST & FRIEDRICH LLP<br>Two Prudential Plaza<br>180 N. Stetson Avenue, Suite 2000<br>Chicago, IL 60601-6710<br>(312) 222-0800 | David I. Gindler<br>Alan J. Heinrich<br>Aaron H. Cole<br>Philip X. Wang<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>(310) 277-1010 |
| and | *Attorneys for Defendant Optellios, Inc.* |
| Jeffrey S. Ward<br>Shane A. Brunner<br>MERCHANT & GOULD, P.C.<br>10 East Doty Street, Suite 600<br>Madison, WI 53703<br>(612) 332-5300 | |
| *Attorneys for Plaintiff,*<br>*Future Fibre Technologies Pty. Ltd.* | |

Dated: January 30, 2012